UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Kareem Saleh Albarati,

          Plaintiff,

          Case No. 22-cv-10139

v.

          Judith E. Levy

James Schiebner,           United States District Judge

          Respondent.     Mag. Judge Jonathan J.C. Grey

_____/

**OPINION AND ORDER GRANTING PETITIONER KAREEM SALEH ALBARATI'S MOTION TO HOLD HIS HABEAS CORPUS PETITION IN ABEYANCE [2] AND STAYING THIS CASE PENDING EXHAUSTION OF STATE REMEDIES**

Petitioner Kareem Saleh Albarati is incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan. On January 6, 2022, he filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254 (ECF No. 1) and a motion to hold the petition in abeyance. (ECF No. 2.)

For the reasons set forth below, the Court will hold the petition in abeyance and stay the proceedings under the terms outlined below to permit Petitioner to return to the state courts to exhaust his additional claims.

I. **Background**

Following a jury trial in the Wayne County Circuit Court, Petitioner was convicted of possession with the intent to deliver morphine, Mich. Comp. Laws § 333.7401(2)(a)(iv); possession with the intent to deliver amphetamine, Mich. Comp. Laws § 333.7401(2)(b)(ii); felon in possession of a firearm ("felon in possession"), Mich. Comp. Laws § 750.224f; carrying a concealed weapon, Mich. Comp. Laws § 750.227; and possession of a firearm during the commission of a felony ("felony firearm"), third offense, Mich. Comp. Laws § 750.227b. (ECF No. 1, PageID.2; ECF No. 2, PageID.62.) Petitioner alleges that he was sentenced as a third habitual offender, Mich. Comp. Laws § 769.11, to a term of 17 years, 1 month to 40 years' imprisonment.[1] (ECF No. 1, PageID.2.)

On appeal from his convictions, Petitioner argued that: (1) the trial court erred when it denied his motion to suppress evidence seized from

---

[1] Specifically, Petitioner was sentenced as a third habitual offender to concurrent prison terms of 85 months to 40 years for possession with the intent to deliver morphine; 85 months to 14 years for possession with the intent to deliver amphetamine; 6 to 10 years for felon in possession; and 4 to 7 years for carrying a concealed weapon. Those sentences were to be served consecutive to the statutorily mandated sentence of 10 years for felony firearm, third offense. *See People v. Albarati*, No. 334169, 2018 WL 1072814, at *2 (Mich. Ct. App. Feb. 27, 2018).

2

his vehicle; (2) the venue for his trial was improper; and (3) the trial court abused its discretion when it admitted into evidence text messages found on phones in Petitioner's vehicle at the time of his arrest. (*Id*.; ECF No. 2, PageID.62–63.) The Michigan Court of Appeals rejected these arguments and affirmed Petitioner's convictions. *See People v. Albarati*, No. 334169, 2018 WL 1072814 (Mich. Ct. App. Feb. 27, 2018). On September 12, 2018, the Michigan Supreme Court denied leave to appeal, *see People v. Albarati*, 503 Mich. 860 (2018), and on February 4, 2019, the Michigan Supreme Court denied reconsideration. *See People v. Albarati*, 503 Mich. 951 (2019). It does not appear that Petitioner petitioned for certiorari to the United States Supreme Court.

Petitioner alleges that he subsequently filed a motion for relief from judgment in the state trial court, where he claimed that: (1) the prosecutor failed to serve Petitioner with a timely notice of intent to enhance his sentence as a third habitual offender; (2) he was illegally seized when police officers blocked his car based on uncorroborated information provided in an anonymous call; (3) he was denied effective assistance of appellate counsel; and (4) he was denied effective assistance

3

of trial counsel. (ECF No. 1, PageID.3.) The trial court denied Petitioner's motion on June 25, 2019. (*Id.*)

Petitioner then filed a habeas corpus petition in the United States District Court for the Western District of Michigan, which ultimately dismissed the petition without prejudice on October 21, 2019, for failure to exhaust available state-court remedies. *See Albarati v. Burt*, No. 1:19-00747, 2019 WL 5309840 (E.D. Mich. Oct. 21, 2019). The Michigan Court of Appeals and the Michigan Supreme Court subsequently denied Petitioner's applications for leave to appeal the state trial court's decision denying Petitioner's motion for relief from judgment. (ECF No. 1, PageID.3.) Specifically, the Michigan Supreme Court denied his application for leave to appeal on October 27, 2020. *People v. Albarati*, 506 Mich. 941 (2020).

On December 3, 2021, Petitioner allegedly filed a successive motion for relief from judgment. (ECF No. 1, PageID.3.) He argued that: (1) the trial court lacked jurisdiction to sentence him as a third habitual offender because the prosecution failed to comply with the statute on sentencing enhancements; (2) his sentence for felony firearm, third offense, is

4

invalid; and (3) he was denied effective assistance of counsel at sentencing and on appeal. (*Id.*; ECF No. 2, PageID.64.)

On January 6, 2022, Petitioner filed this habeas corpus petition (ECF No. 1) and motion to hold the habeas petition in abeyance (ECF No. 2) in this Court. He challenges his convictions on grounds that: (1) his trial counsel deprived him of effective assistance by allowing the trial court to deny his motion to suppress illegally seized evidence; (2) the trial court lacked jurisdiction to sentence him as a third habitual offender because the prosecution failed to comply with the statute on sentencing enhancements; (3) his sentence for felony firearm, third offense, is invalid; and (4) he was denied effective assistance of counsel at sentencing and on appeal. (ECF No. 1, PageID.6.)

Petitioner asserts that he exhausted state remedies for his first claim and that the other claims are new issues. (*Id.* at PageID.2, 6.) He requests the Court hold his habeas petition in abeyance until he can fully exhaust state remedies for the three new issues. (*Id.* at PageID.4; ECF No. 2, PageID.58.)

## II. Legal Standard

A state prisoner who seeks federal habeas relief must first exhaust their available state-court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b), (c); *Baldwin v. Reese*, 541 U.S. 27, 27 (2004). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009).

However, petitioners can find themselves in a procedural trap when their original habeas petition includes unexhausted claims, as is the case here, but a second, fully exhausted petition could be time barred by the statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720–21 (6th Cir. 2002). A habeas petitioner who is concerned about the statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d)(1), can file a "protective" petition in federal court and then ask to have the petition held in abeyance until state post-conviction remedies are exhausted. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269, 278 (2005)). A federal court may stay a habeas petition and hold

6

further proceedings in abeyance, pending resolution of state-court post-conviction proceedings, if there was good cause for the petitioner's failure to exhaust state remedies for his claims, the unexhausted claims are not "plainly meritless," and there is no indication that the petitioner is engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277–78; *see also Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015). If the prisoner satisfies those conditions, the district court should stay, rather than dismiss, the petition. *Rhines,* 544 U.S. at 278.

### III. Analysis

As noted above, Petitioner alleges that he has already filed a successive motion for relief from judgment. He does not appear to be engaged in intentional delay tactics. Furthermore, his unexhausted claims do not appear to be plainly meritless. *Wagner*, 581 F.3d at 419.

Petitioner also has good cause for failure to exhaust his claims. The good-cause requirement "is not intended to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* prisoner," *Rhines*, 544 U.S. at 279 (Stevens, J., concurring) (internal quotation omitted). This Court has consistently held that appellate counsel's failure to raise a claim on direct appeal constitutes good cause for holding the

7

petition in abeyance pending exhaustion. *See Jackson v. Lesatz*, No. 17-CV-10906, 2019 WL 5578036, at \*4 (E.D. Mich. Oct. 29, 2019). Petitioner was represented by counsel on appeal but now proceeds *pro se*. He claims that his appellate attorney was "cause" for his failure to raise his new claims on appeal. (ECF No. 2, PageID.66.) Petitioner may assert that he did not previously raise his claims in the state courts as federal claims due to the ineffective assistance of appellate counsel. *Wagner*, 581 F.3d at 419 & n. 4, 5.

Further, granting Petitioner's request to hold his habeas petition in abeyance is in the interests of fairness and judicial efficiency. If the Court were to proceed with this case while a parallel matter proceeds in the state courts, there is a risk that judicial resources would be wasted in the event the state court were to grant relief on Petitioner's unexhausted claims. *See Thomas*, 89 F. Supp. 3d at 942.

Accordingly, Petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust additional claims is granted. The Court will hold the habeas petition in abeyance and stay this case under the terms outlined below so that Petitioner can finish exhausting state remedies for his unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state-court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. Here, Petitioner has already returned to state court. After exhausting his state-court remedies, Petitioner must ask this Court to lift the stay within ninety days. If the conditions of the stay are not met, the Court may vacate the stay and adjudicate Petitioner's original petition as filed.

## IV. Conclusion

For the reasons set forth above, Petitioner's motion to hold the petition in abeyance pending while he returns to the state courts to exhaust his additional claims is **GRANTED**. This case is **STAYED** pending exhaustion of state-court remedies.

It is **ORDERED** that, if Petitioner is unsuccessful in state court, he must ask this Court to lift the stay by motion to re-open this case, and he must file an amended habeas corpus petition, using the same caption and case number, within ninety days after the conclusion of the state-court post-conviction proceedings.

It is further **ORDERED** that in the motion to re-open this case, Petitioner shall state whether he has fully exhausted his state remedies and whether any of his claims are barred from review for procedural reasons, such as the one-year statute of limitations, *see* 28 U.S.C. § 2244(d), which he acknowledged in his motion to hold the habeas petition in abeyance. (ECF No. 2, PageID.65.)

Failure to comply with any of the conditions of this stay could result in the Court lifting the stay, reinstating the original petition for a writ of habeas corpus, and seeking a responsive pleading on only Petitioner's exhausted claim.

IT IS SO ORDERED.

Dated: June 15, 2022       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 15, 2022.

     s/William Barkholz
     WILLIAM BARKHOLZ
     Case Manager