**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Kareem Saleh Albarati,

Petitioner, Case No. 22-cv-10139

v.

Judith E. Levy
United States District Judge

James Schiebner,

Respondent.

________________________________/

**ORDER GRANTING PETITIONER'S MOTION TO REOPEN THE CASE [11], LIFTING THE ADMINISTRATIVE STAY, AND DIRECTING RESPONDENT TO FILE AN ANSWER TO THE AMENDED PETITION FOR A WRIT OF HABEAS CORPUS [12] AND THE RULE 5 MATERIALS**

In January 2022, Petitioner Kareem Saleh Albarati filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Petitioner challenges his Wayne County Circuit Court convictions of possession with the intent to deliver morphine, in violation of Mich. Comp. Laws § 333.7401(2)(a)(iv); possession with the intent to deliver amphetamine, in violation of Mich. Comp. Laws § 333.7401(2)(b)(ii); felon in possession of a firearm ("felon in possession"), in violation of Mich. Comp. Laws § 750.224f; carrying a concealed weapon, in violation of

Mich. Comp. Laws § 750.227; and possession of a firearm during the commission of a felony ("felony firearm"), third offense, in violation of Mich. Comp. Laws § 750.227b. (ECF No. 1, PageID.2; ECF No. 2, PageID.62; ECF No. 11-2, PageID.159, 182.) *See People v. Albarati*, No. 334169, 2018 WL 1072814, at *1 (Mich. Ct. App. Feb. 27, 2018). In June 2022, this matter was stayed so that Petitioner could exhaust state-court remedies for the claims raised in his motion for relief from judgment. (ECF No. 6.)

Before the Court is Petitioner's motion to reopen the case. (ECF No. 11.) Petitioner filed the motion as well as an amended habeas petition (ECF No. 12) with the assistance of counsel. In both filings (ECF Nos. 11, 12), Petitioner indicates that he has now fully exhausted his claims in the state courts. (ECF No. 11, PageID.94; ECF No. 11-1, PageID.122; ECF No. 12, PageID.222.) The Court understands Petitioner's amended petition as raising the following five claims:

I. The anonymous tip that led to the investigatory stop was not corroborated and was insufficient to support a finding that the officer had a reasonable and articulable suspicion that criminal activity was afoot. Therefore, the officer exceeded the scope of the investigatory stop by prolonging it and arresting Petitioner without probable cause to believe he committed anything more than a civil

infraction in violation of the Fourth Amendment, which was error by the trial court in failing to grant Petitioner's motion to suppress.

II. The prosecution failed to prove beyond a reasonable doubt that venue was proper in Wayne County when there was no evidence introduced concerning where the alleged crime occurred.

III. The trial court abused its discretion when it admitted the text messages from the seized phones because they lacked a proper foundation and were substantially more prejudicial than probative under MRE 403. The trial court by not engaging in the MRE 403 balancing analysis made an outcome determinative error because it allowed the juror[ ]s to speculate on Petitioner's intent. Therefore, Petitioner's convictions and sentences must be reversed.

IV. Petitioner was illegally seized where the police blocked Petitioner's path of egress without any corroboration in support of the anonymous 9-1-1 call whereby there was no reasonable suspicion by the officer that criminal activity was afoot in violation of state and federal constitutional law. Mich. Const. 1963, Art 1, § 11; U.S. Const. Am. IV.

V. Petitioner is entitled to relief from judgment based on new evidence and suppression of the illegally seized evidence taken from his vehicle, or in the alternative, a new suppression hearing where new evidence demonstrates he was deprived of his Sixth Amendment right to effective assistance of counsel as applied by the

> Mich. Const. 1963, Art 1, § 20, where counsel failed to fully investigate the case allowing potential perjured testimony from the arresting officer.

(ECF No. 11-1, PageID.99–100; ECF No. 11-2, PageID.163–165; ECF No. 12, PageID.199–200.)

Under 28 U.S.C. § 2254(b)(1)(A), the Court may not grant an application for a writ of habeas corpus "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." An applicant has exhausted state remedies if each habeas claim was "fairly presented to the Michigan Court of Appeals and to the Michigan Supreme Court." *Bailey v. Michigan*, 731 F. Supp. 3d 875, 878 (E.D. Mich. 2024) (citing *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009)).

Petitioner appears to have exhausted the remedies available to him in the state courts. He reports that his claims are fully exhausted after receiving a denial of leave to appeal in the Michigan Supreme Court on June 27, 2025. (ECF No. 11, PageID.94, 97.) Petitioner has complied with the Court's order staying the case and the conditions the Court imposed regarding the stay. (*See* ECF No. 6.) Therefore, the Court grants Petitioner's motion to reopen the case (ECF No. 11) and accepts his

amended habeas petition for filing. (ECF No. 12.) Respondent James Schiebner is directed to answer Petitioner's amended petition and to file the Rule 5 materials within 90 days of the date of this order.

Accordingly, IT IS ORDERED that Petitioner's motion to reopen the case (ECF No. 11) is GRANTED.

IT IS FURTHER ORDERED that the administrative stay is LIFTED, and the case is REOPENED.

IT IS FURTHER ORDERED that within **90 days** of the date of this order, Respondent must file an answer to the amended petition (ECF No. 12) and the Rule 5 materials. Petitioner has **45 days** from the date he receives the answer to file a reply brief.

IT IS SO ORDERED.

Dated: August 5, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager